```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```
_____

| | |
|---|---|
| **NEDRA D. SMITH,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 20-2828-TMP |
| | ) |
| **BRYCE CORPORATION,** | ) |
| | ) |
|     Defendant. | ) |

_____

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL**
_____

Before the court is Defendant's Motion to Compel Disclosure of Damages Computation from Plaintiff, filed by Bryce Corporation ("Bryce") on November 14, 2022. (ECF No. 64.) Plaintiff Nedra D. Smith filed a response on November 28, 2022. (ECF No. 65.) For the reasons below, the motion is GRANTED in part and DENIED in part.

### I.   BACKGROUND

On November 13, 2020, Smith filed a *pro se* complaint against her former employer, Bryce Corporation, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990.[1] (ECF No. 1.) On November 5, 2021, Smith served her initial disclosures on

---

[1] On January 21, 2022, Smith filed an amended complaint through counsel alleging the same. (ECF Nos. 33-1; 40.)

defendants, which provided her computations of damages as follows:

> [A]ll amounts of wages she should have received under federal law; . . . front pay; all reasonable attorney's fees, costs and interest pursuant to federal law; any amount of tax offset; the sum of money determined by the fact finder to be sufficient to compensate her for the damages complained of herein; and punitive damages.

(ECF No. 65-1 PageID 237-38.) On June 23, 2022, Smith served her responses to Bryce's First Set of Interrogatories. (ECF No. 65-2.) Interrogatory No. 12 asked the following: "Please itemize the exact amount of all damages, injuries, or expenses you claim or intend to prove at trial, including special non-economic damages, and describe, in detail, how each amount was computed." (Id. at PageID 245.) Smith objected to the interrogatory, stating "Plaintiff is under no duty to prove specific damages at this point in litigation. Plaintiff has up until trial to prove the specific amount of damages. Further, Plaintiff's damages are continuing in nature and cannot be precisely calculated at this time." (Id.) Notwithstanding that objection, plaintiff provided the following answer to Interrogatory No. 12:

> Plaintiff seeks the following damages:
>
> Actual damages:
>
>> Back Pay: Plaintiff's annual salary and benefits she would have received but for Defendants unlawful actions up to and including the date the matter is resolved.
>>
>> Front Pay: Plaintiff's annual salary and benefits

- 2 -

>       at the time of her termination multiplied by the
>       number of years as determined by the trier of fact.
>
>   Compensatory Damages: To be determined by the trier of
>   fact;
>
>   Punitive Damages: To be determined by the trier of fact;
>
>   All Attorney's fees, Litigation Costs and expenses
>   pursuant to the statute.

(Id. at PageID 245-46.) On November 8, 2022, counsel for Bryce emailed Smith's counsel seeking clarification as to Smith's damages calculation. Counsel for Smith responded:

> As you know, damages in employments matters are ongoing in nature. To date, Ms. Smith has approximately $151,840 in economic damages. Through the current trial date, her economic damages are likely to exceed $169,376. This does not account for her lost benefits. She would also be eligible for compensatory damages and punitive damages under the ADA. Her attorney's fees to date are conservatively estimated at $50,000, and would likely exceed $150,000 through trial. Additionally, she would be eligible for either reinstatement or front pay. It is foreseeable that a jury award would exceed $500,000.

(ECF No. 65-3 at PageID 252.) Smith had previously produced her tax returns, payment records from subsequent employers, and her payment records from Bryce. (ECF No. 65 at PageID 228.) On November 10, 2022, counsel for both parties conferred telephonically about Smith's damages calculations. (ECF No. 65 at PageID 229). On that phone call, counsel for plaintiff informed counsel for defendant that plaintiff relied on her tax returns and payment records to calculate her damages. (Id.) On November 14, 2022, Bryce filed the

- 3 -

instant motion to compel, arguing that plaintiff has failed to provide damages calculations as required under Federal Rule of Civil Procedure 26(a)(1)(A)(iii). On November 18, 2022, Bryce deposed Smith but failed to question her about her damages calculations. (Id.)

## II.   ANALYSIS

"Under FRCP 26(a)(1)(A)(iii), a computation of each category of damages claimed is a mandatory initial disclosure, and Plaintiffs are under a continuing obligation to supplement that disclosure 'in a timely manner.'" Riverfront Dev., Inc. v. Wepfer Marine, Inc., No. 2:16-cv-02553-SHL-cgc, 2018 WL 3043325, at *5 (W.D. Tenn. May 14, 2018); see also Fed. R. Civ. P. 26(e)(1)(A) (stating that a disclosure under FRCP 26(a) must be supplemented "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing"). "A party must provide a computation of damages and access to the documents or other material on which the computation is based." Umfress v. City of Memphis, No. 2:17-cv-02568-SHL-tmp, 2018 WL 11396505, at *2 (W.D. Tenn. Aug. 23, 2018); see Fed. R. Civ. P. 26(a)(1)(A)(iii). Although Smith's computation

- 4 -

of damages in her initial disclosures and interrogatory responses were deficient, she has since supplemented those responses in her counsel's email dated November 8, 2022 and telephone call on November 10, 2022. In addition, Smith has produced the documents that she relied on to calculate her damages. (ECF No. 65 at PageID 228.) A disclosure regarding damages calculations is sufficient when the defendant "had all the information relevant to the computation of damages in its possession" and "had a full opportunity during [the plaintiff's] deposition to question him about damages." Howe v. City of Akron, 801 F.3d 718, 748 (6th Cir. 2015) (quoting Jordan v. City of Cleveland, 464 F.3d 584, 601 n.22 (6th Cir. 2006)) (noting a district judge's decision to exclude evidence of a plaintiff's back-pay calculation as a sanction is an abuse of discretion when defendant possesses all relevant information to calculate damages and fails to question the plaintiff about damages during their deposition). That is the case here. However, although Smith has adequately disclosed her damages calculations, she has not supplemented her response to Interrogatory No. 12 with the information disclosed in the November 8 email and November 10 phone call. Therefore, Smith shall provide Bryce with a supplemental interrogatory response containing that same information by December 10, 2022.

**III. CONCLUSION**

- 5 -

For the reasons stated above, Bryce's motion to compel is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

December 1, 2022
Date